Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 07-1966

FREDERIC CHARDON-DUBOS,

Plaintiff, Appellant,

v.

UNITED STATES OF AMERICA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, Senior U.S. District Judge]

Before

Lynch, Circuit Judge,
Selya, Senior Circuit Judge,
and Howard, Circuit Judge.

Frederic Chardon-Dubos on brief pro se.
Rosa Emilia Rodriguez-Velez, United States Attorney, Nelson Perez-Sosa, Assistant United States Attorney, and Mariana E. Bauza-Almonte, Assistant United States Attorney on brief for appellee.

April 17, 2008

**Per Curiam**. Plaintiff-appellant Frederic Chardon-Dubos appeals from the district court's judgment granting the government's motion to dismiss for lack of subject-matter jurisdiction and the court's denial of his motion to alter or amend the judgment. "We review a district court's dismissal for want of subject matter jurisdiction de novo. For that purpose, we give weight to the well-pleaded factual averments in the operative pleading . . . and indulge every reasonable inference in the pleader's favor." Aguilar v. United States Immigr. and Customs Enf., 510 F.3d 1, 8 (1st Cir. 2007).

> Where standing is at issue, heightened specificity is obligatory at the pleading stage. The resultant burden cannot be satisfied by purely conclusory allegations or by a Micawberish reading of a party's generalized averments. To the contrary, the proponent's pleadings "must be something more than an ingenious academic exercise in the conceivable." [United States v. Students Challenging Regulatory Agency Procedures] (SCRAP), 412 U.S. [669,] at 688 [(1973)].

United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992).

"The requisite elements of Article III standing are well established: 'A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" Hein v. Freedom from Religion Found.,127 S.Ct. 2553, 2562 (2007). In addition to these constitutional requirements, "the federal judiciary has also adhered to a set of prudential principles that  bear on the

-2-

question of standing. . . . [E]ven when the plaintiff has alleged redressable injury sufficient to meet the requirements of Art. III, the Court has refrained from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches." Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 474-75 (1982) (quoting Warth v. Seldin, 422 U.S. 490, 499-500(1975)).

> Whether styled as a constitutional or prudential limit on standing, the Court has sometimes determined that where large numbers of Americans suffer alike, the political process, rather than the judicial process, may provide the more appropriate remedy for a widely shared grievance. [Such judicial language], however, invariably appears in cases where the harm at issue is not only widely shared, but is also of an abstract and indefinite nature - for example, harm to the "common concern for obedience to law." . . . Often the fact that an interest is abstract and the fact that it is widely shared go hand in hand. But their association is not invariable, and where harm is concrete, though widely shared, the Court has found "injury in fact."

FEC v. Akins, 524 U.S. 11, 24 (1998).

Chardon-Dubos claims that Public Law 600 and Puerto Rico's Commonwealth status, which resulted represent an unconstitutional disposition of Congress's sovereign territorial powers under art. IV, §3 of the United States Constitution ("the

-3-

Territorial Clause").[1]   Public Law 600, 64 Stat. 319 (1950)(codified at 48 U.S.C. § 731b, et seq.) authorized Puerto Rico to enact a constitution for local self-government, which constitution was approved by Public Law 447, 66 Stat. 327 (1952).

To satisfy the injury in fact requirement, Chardon-Dubos was required to show some "invasion of a legally protected interest which is (a) concrete and particularized[] and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  He was also required to plead a "causal connection between the injury and the conduct complained of" and that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. at 560-61.

The injury that Chardon-Dubos alleged in his amended complaint was conjectural.  The amended complaint alleged that the Federal Government's failure to exercise sovereignty over Puerto Rico resulted in the Puerto Rican government choosing to spend money lobbying Congress on the issue of Puerto Rico's status, which in turn reduced government expenditures for other purposes, causing price increases and reduced services to Chardon-Dubos as a resident

---

[1] The Territorial Clause, U.S. Const. art. IV, § 3, cl. 2, provides that "[t]he Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State."

of Puerto Rico. In addition to the claimed injury's deficiencies, "the line of causation between [Congress' challenged action] and such injury is not apparent from the complaint." Warth, 422 U.S. at 508. Chardon-Dubos failed to allege a sufficiently direct causal link between the claimed violation (enactment of Public Law 600) and the claimed personal injury (increased prices and reduced services for residents of Puerto Rico). The causal connection depended upon speculation about how the Puerto Rico legislature would spend funds and how such decisions would impact the local economy. "[A] party seeking federal jurisdiction cannot rely on such '[s]peculative inferences . . . to connect [his] injury to the challenged actions of [the defendant]." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 346 (2006); see Biszko v. RIHT Fin. Corp., 758 F.2d 769, 771 (1st Cir. 1985)(stating that "'broad allegations of speculative injury will not suffice'") (citation omitted).

To the extent that Chardon-Dubos claims standing simply as a taxpayer, "[i]t has been . . . clear for more than three-quarters of a century that, with certain narrow exceptions not implicated here, taxpayers, as such, lack generalized standing to challenge the constitutionality of governmental action." Osediacz v. City of Cranston, 414 F.3d 136, 142 (1st Cir. 2005). Specifically, a "plaintiff's standing . . . cannot be grounded on the mere fact that []he pays taxes to a municipality which, in

-5-

turn, expends funds to further an unconstitutional exercise of governmental power." Id.

Chardon-Dubos argues that the district court erred in denying his motion to alter or amend the judgment to permit him to amend his complaint further to include the factual allegations of personal injury in support of standing contained in his "Verified Statement" in his opposition to the government's motion to dismiss. Even if the motion to amend had been properly before the district court, "[a]n order denying leave to amend will be overturned only where the district court has abused its discretion." Epstein v. C.R. Bard, Inc., 460 F.3d 183, 190 (1st Cir. 2006). The "Verified Statement" was filed more than a year after the filing of the original complaint and the government's motion to dismiss. The facts allegedly occurred prior to the filing of the original complaint. Moreover, it does not appear that the newly alleged facts could establish Chardon-Dubos' standing to challenge Public Law 600. Therefore, there was no abuse of discretion. See id. at 191.

The district court judgment dismissing the complaint with prejudice and its order denying the motion to alter or amend that judgment are affirmed.